# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff*, | ) |
| v. | ) No. 3:10-cr-39-TWP-CCS |
| CHRISTOPHER HENRY, | ) |
| *Defendant*. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Christopher Henry's motion to reduce his sentence pursuant to United States Sentencing Guidelines Amendment 782. [D. 31]. He argues that he is eligible for a reduction and that the Court should grant it. The Government agrees that Henry is eligible for a reduction and states that it will defer to the Court's judgment.

In deciding whether to reduce a sentence, the Court follows a two-step inquiry. First, the Court determines if the prisoner is eligible for a sentence reduction. *Dillon v. United States*, 560 U.S. 817, 826 (2010). If so, the Court then looks to whether a reduction is warranted. *Id.*

Henry is eligible for a sentence reduction. If a prisoner is sentenced under a Guideline that is later revised, he is eligible to have his sentence recalculated if that Guideline is made retroactive. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1). Henry was convicted of possessing oxycodone with intent to distribute. *See* 21 U.S.C. § 841(a)(1). He was sentenced on April 11, 2011. Amendment 782 lowered the drug-offense sentencing guidelines by two levels. *United States v. Taylor*, 815 F.3d 248, 249 (6th Cir. 2016). It took effect on November 1, 2014, and was made

1

retroactive by Amendment 788. *Id.* Henry is therefore eligible to have his sentence reduced under Amendment 782.

A sentence reduction is warranted. The Court's decision is guided by the relevant factors set out in 18 U.S.C. § 3553(a). In support of his motion, Henry notes several facts. He has taken several educational classes to improve life skills and boost his well-being. *See* 18 U.S.C. § 3553(a)(2)(D). He requests only a small sentence reduction, from 111 months to 106. *See id.* § 3553(a)(2)(A) (nature and circumstances of offense, providing just punishment). And though Henry has incurred some disciplinary sanctions while in prison, they were for minor, nonviolent offenses. *See id.* (promoting respect for law). Henry is entitled to a sentence reduction.

As to the drug crime, Henry was sentenced to 51 months in prison. His new Guideline range is 46–57 months, and he requests a new sentence of 46 months. In light of the above, the Court finds this request well-taken. Henry's motion for a sentence reduction is **GRANTED**. His sentence for the drug crime is reduced to 46 months.

Henry was also sentenced to 60 months' imprisonment for a related gun crime, to be served consecutively with the drug charge. Henry does not request that this part of his sentence be reduced. Accordingly, Henry's total sentence is **reduced to 106 months**. The rest of his original sentence remains the same.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

2